## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Annie Johnson and Mark Johnson, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-03401 |
| | ) | |
| National Asset Advisors, LLC and | ) | The Honorable Sara L. Ellis |
| Harbour Portfolio VII, LP | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

Defendants Harbour Portfolio VII, LP ("Harbour") and National Asset Advisors, Inc. ("NAA") (collectively, "Defendants"), by and through counsel, hereby move to dismiss with prejudice the Complaint (ECF 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this Motion are set forth in the following Memorandum of Law. In support of their motion, Defendants state as follows:

### I.    INTRODUCTION

The Johnsons claim that Harbour and its loan servicer, NAA, breached an oral contract made in 2011 regarding the sale of a property—namely, that the Defendants failed to pay property taxes owed on the property. While the Defendants dispute the veracity of this allegation and the alleged terms of the oral agreement, there is a more basic reason this Complaint must fail.

First and foremost, it was filed much too late. The relevant statutes of limitations ran years ago. The doctrine of laches also applies, as the Johnsons waited years to bring this lawsuit,

long after it was too late for the Defendants to abide by their alleged obligations.  Harbour does not even own the property any longer.

Further, with respect to the Johnsons' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), they have alleged only a private dispute between the parties—which is not actionable under the statute.

For these reasons, set forth below, the Complaint should be dismissed with prejudice. [1]

## II.     RELEVANT ALLEGATIONS

The Johnsons allege that, "[i]n the winter of 2011," they entered into an oral agreement with Harbour and its loan servicer, NAA.  (Complaint, ECF 1, at ¶ 14.)  According to the Johnsons, the parties agreed that the Johnsons would live in the subject property rent-free, bring its condition "up to code," and then purchase it from Harbour for approximately $28,000.  (*Id.*)  The Johnsons allege that Harbour and/or NAA agreed to "pay the taxes on the subject property," including all back taxes owed, "until all code violations were remedied" by the Johnsons.  (*Id.*)

But, from the start, the property taxes were not being paid—by the Johnsons, by the Defendants, or by anyone else.  (*Id.* at ¶ 20.)  In August of 2012, not long after the alleged oral agreement between the parties, the "delinquent taxes were sold to a third party."  (*Id.*)  The redemption period expired in July of 2015.  (*Id.* at ¶ 22.)  And, in 2016, Harbour sold its interest in the property.  (*Id.* at ¶ 23.)

## III.    LAW AND ANALYSIS

### A.      Standard of Review

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  While the facts alleged in a

---

[1] Counsel for Defendants called counsel for Plaintiffs and also sent him an e-mail on the afternoon of August 16, 2018, to meet and confer regarding this motion, but the parties did not have a conference.

complaint are assumed to be true and construed favorably toward the plaintiff, the Court need not accept as true legal conclusions or inferences that are conclusory and unsupported by fact. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2015)) (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

Therefore, the plaintiff's pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Suggestions or a formulaic recitation of the elements of a claim are not enough. *Id*. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Instead, the pleadings must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When the existence of a valid affirmative defense, such as a statute of limitations defense, is pleaded in the complaint, dismissal under Rule 12(b)(6) is appropriate. *See Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (stating that if a plaintiff "pleads facts that show that his suit is time-barred…he has pleaded himself out of court.")

### B.      Counts I, II, and III: Plaintiffs' Claims are Barred by the Statute of Limitations and the Doctrine of Laches

Plaintiffs bring three causes of action all arising from the same basic allegation: that Defendants breached an alleged oral contract to pay property taxes on the subject property. They allege that Defendants entered into this contract in 2011 and breached immediately, that "Defendants had no intention of ever paying property taxes for the subject property." (*See, e.g*, Compl., ECF 1, at ¶ 52.) Now—almost seven years after the breach, *after* the property went to tax sale, *after* the redemption period expired, and *after* the property has been sold to a third-party (*id.* at ¶ ¶ 22-23)—they bring this lawsuit.

The Johnsons, even assuming the truth of these allegations, cannot state a claim for relief. In Illinois, claims founded on oral contracts are subject to a five year statute of limitations. 735 ILCS 5/13-205. Claims filed beyond this time period, such as the Johnsons' Complaint, must be dismissed as time-barred. *Armstrong v. Hedlund Corp.*, 738 N.E.2d 1097, 1104 (Ill. App. Ct. 2000) (affirming dismissal of complaint for breach of oral contract when not commenced within five years). Because the Johnsons waited seven years after the alleged breach to bring this lawsuit, it must be dismissed.

To the extent the Johnsons argue that at least some of their claims are founded in fraud and not in contract, the result would be the same. Common law fraud also has a five year statute of limitations. 735 ILCS 5/13-205; *Gilbert Bros., Inc. v. Gilbert*, 630 N.E.2d 189, 193 (Ill. App. Ct. 1994). The statute of limitations for consumer fraud claims is even shorter, at only three years. 815 ILCS 505/10a(e); *see also Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 876 N.E.2d 218, 231 (Ill. App. Ct. 2007). Therefore, the claims are barred under this statute as well.

There is another reason the Johnsons' claims are simply too late: the doctrine of laches. The "doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party." *Tully v. State*, 574 N.E.2d 659, 662 (Ill. 1991). "Two elements are necessary to a finding of *laches*: (1) lack of diligence by the party asserting the claim and (2) prejudice to the opposing party resulting from the delay." *Id.*

Even though they allege that Defendants were in breach of their obligation to pay property taxes as of 2011, the Johnsons waited years to bring this action—until after the delinquent taxes were sold in 2012, the redemption period for the property had lapsed in 2015,

and it had been transferred to a third party in 2016. (Compl., ECF 1, at ¶¶ 20-22.) This delay has prejudiced the Defendants because, by the time the Johnsons filed this lawsuit, the property was already gone. Even if Harbour and NAA were obligated to pay the property taxes as the Johnsons allege (which they dispute), they cannot do so now.

## C.    Count I: Plaintiffs Do Not Plead a Claim under the ICFA

The Johnsons allege that Defendants violated ICFA (Compl., ECF 1, at Count I.). They allege that "[i]t was deceptive of Defendants to promise Plaintiffs that they would pay the property taxes owed on the subject property when they had no intention of doing so." (*Id.* at ¶ 35.) In other words, they allege that Defendants broke a promise specific to them.

This allegation, even if true, does not implicate the ICFA. The ICFA is intended to reach practices that affect consumers generally and is not available as a remedy for a purely private dispute between parties to a contract. *AGFA v. Wagner Printing Co.*, Case No. 02 C 2400, 2002 WL 1559663 at *2 (N.D. Ill. Jul. 10, 2002) (dismissing ICFA claim involving dispute over interpretation of liquidated damages agreement between contracting parties); *Randazzo v. Harris Bank Palatine, N.A.*, 104 F. Supp. 2d 949, 954-55 (N.D. Ill. 2000) (no ICFA claim where bank allegedly led customer to falsely believe that it had power to sell collateral under loan documents); *Stern v. Great Western Bank*, 959 F. Supp. 478, 486 (N.D. Ill. 1997) (no ICFA claim where mortgagor and lender disagree on the interpretation of the contract between them); s*ee also Skyline Intern. Development v. Citibank, F.S.B.*, 706 N.E.2d 942, 946 (Ill. App. Ct. 1998) (ICFA not implicated by bank's alleged misstatement to customer); *Seaway National Bank v. Cain*, 629 N.E.2d 660, 665 (Ill. App. Ct. 1994) (dismissing counterclaim in mortgage foreclosure case by borrower alleging that the foreclosing lender mishandled the loan); *Curthis v. Firstar Bank, N.A.*, 822 N.E.2d 454, 466 (Ill. App. Ct. 2004) (no ICFA claim where conduct

involved interpretation of contract in question and did not affect consumers generally); *Bankier v. First Federal Savings & Loan Association of Champaign*, 588 N.E.2d 391, 398 (Ill. App. Ct. 1992) ("[T]he [ICFA] is intended to reach practices of the type which affect consumers generally and is not available as an additional remedy to address a purely private wrong.").

The Johnsons try to avoid this bar by alleging that Defendants may have made and broken similar promises to other consumers. (Compl., ECF 1, at ¶ 41.) But the Johnsons do not and cannot identify a single other instance of this occurring. Instead, they simply allege that Harbour and NAA misled them personally. (*See generally*, *id.*) Accordingly, the Johnsons' allegation of a private dispute between them and the Defendants cannot state a claim under the ICFA.

## IV. CONCLUSION

Defendants respectfully requests that the Complaint be dismissed with prejudice.

DATED:  August 16, 2018                              HARBOUR PORTFOLIO VII, LP AND
                                                     NATIONAL ASSET ADVISORS, INC.

                                                     By:     */s/* Ryan A. Sawyer
                                                             One of Their Attorneys

Douglas R. Sargent (IL 6290671)
Ryan A. Sawyer (IL 6293696)
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312-443-1751 (RAS)
*dsargent@lockelord.com*
*ryan.sawyer@lockelord.com*

David K. Stein (Ohio 0042290)
Kara Herrnstein (Ohio 0088529)
*Pro Hac Vice Application to be Filed*
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Phone:  614-227-2300
*dstein@bricker.com*
*kherrnstein@bricker.com*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of August, 2018, I electronically filed the foregoing *Defendants' Motion to Dismiss and Incorporated Memorandum of Law* with the Clerk of the Court using the CM/ECF electronic system.  Parties were served electronically by the Court's CM/ECF electronic system.

*/s/* Ryan A. Sawyer