**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNIE JOHNSON and MARK JOHNSON, | ) ) ) | |
| Plaintiffs | ) | Case No. 18-cv-3401 |
| v. | ) ) | Hon. Sara L. Ellis |
| NATIONAL ASSET ADVISORS, LLC, and HARBOUR PORTFOLIO VII, LP, | ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Annie Johnson and Mark Johnson ("Plaintiffs" or the "Johnsons"), by and

through undersigned counsel, present this response in opposition to the motion to dismiss filed

by Defendants National Asset Advisors, LLC ("NAA") and Harbour Portfolio VII, LP

("Harbour", and together with NAA, "Defendants").

**I.       Introduction**

The Johnsons claim that Defendants intentionally defrauded them in connection with

their attempted purchase of a home from Defendants. Specifically, Defendants told the Johnsons

that Defendants would pay the property taxes owed on the home while the Johnsons moved in

and made substantial renovations to get the property up to code. Defendants promised the

Johnsons that they could purchase the property for an affordable price after completing the

renovations. The Johnsons believed Defendants, paid $2,000 as a down payment, and moved into

the property as their primary residence. Over a period of several years, the Johnsons spent

thousands of dollars of their own money and invested hundreds of hours of their time into

improving the property and bringing it up to code. But after making this investment, the

1

Johnsons learned that Defendants had scammed them. The taxes were not paid, the property was sold to another company, and the Johnsons were evicted.

In their motion to dismiss, Defendants attempt to re-cast their fraudulent scheme as a late-filed contract dispute. But the Johnsons' claims are both timely and valid. The statute of limitations for claims sounding in fraud only begins after a plaintiff discovers its injury. Here, the Johnsons did not discover their injury until they were evicted from their home in May 2017. It was only after the eviction that they lost all the time and money they had put into renovating the home. Further, Harbour still owned the subject property until July 2016. Since it remained the owner of record, the Johnsons' injury—not being able to purchase the home from Defendants as promised—had not even occurred, let alone been discovered, until Harbour lost its ownership interest.

In addition, Illinois law tolls any applicable statute of limitations where the defendants fraudulently concealed their bad acts. Here, Defendants concealed their non-payment of the property taxes by affirmatively misrepresenting that the taxes would be paid. As such, any applicable statute of limitations was tolled under Illinois law, and did not resume until the Johnsons discovered in May 2017 that they had been scammed.

Regardless of whether tolling applies, any applicable limitations period can only begin after a claim accrues. The Johnsons' claims of consumer fraud and common-law fraud did not accrue until the Johnsons suffered actual damages from the alleged misconduct. Damages that are contingent or speculative do not qualify. Illinois tax law provides a redemption period during which a property owner can pay the back taxes and retain its interest in the property. A property owner losing title to a property for unpaid taxes is contingent upon the expiration of the redemption period. The redemption period for the subject property here expired on July 30,

2

2015. Prior to that date, the Johnsons' damages were purely speculative—they would be damaged if and only if Harbour failed to redeem the property. It was only after the expiration of the redemption period that the Johnsons' damages were certain and actual. As such, the Johnsons' common-law fraud and consumer fraud claims did not accrue until July 30, 2015 at the latest, and their May 14, 2018 complaint was timely.

Defendants also attempt to avoid liability by improperly limiting the scope of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). ICFA was designed to protect consumers from precisely the deceptive and unfair conduct that the Johnsons have alleged in this case. Defendants misapply the cases that spell out two narrow limitations on ICFA: claims arising between two business, and claims arising from disputed contract interpretation. Neither of these limitations applies to this case. The Johnsons are consumers, and the alleged misconduct arose from their dealings with Defendants in a consumer transaction. And the Johnsons' claims are based on Defendants' intentional misrepresentations and deceit, not on a Defendants' opinion regarding the legal effect of a contract term.

## II.    Relevant facts alleged in the complaint

The Johnsons contracted with Defendants to purchase a home. (Compl. ¶14). The transaction was structured as follows: (1) the Johnsons would move into and occupy the property located at 457 163rd Street, Calumet City, Illinois 60409 (the "subject property"); (2) the Johnsons would renovate the subject property and bring it up to code; (3) the Johnsons would pay Defendants $2,000 as a down payment; (4) Defendants would pay the property taxes on the subject property until the code violations were remedied; (5) after the subject property was up to code, Defendants would convey the property to the Johnsons in exchange for another payment of $28,000. *Id*.

The Johnsons believed what Defendants told them about covering the property taxes, paid the down payment to Defendants, and moved into the subject property in November 2011. (Compl. ¶¶15-16). At their own expense and with much of their own labor, the Johnsons completed substantial repairs to what had previously been an empty shell of a house. (Compl. ¶¶ 17-19). But Defendants did not pay the property taxes for the subject property, and never intended to in the first place. (Compl. ¶20, 35-36, 38-39). As a result, the delinquent taxes were sold to a third party. (Compl. ¶ 21).

Defendants had until July 30, 2015 to pay the back taxes and retain its ownership of the subject property. (Compl. ¶22). But they did not make the payment, and the subject property was conveyed to a third party on or about July 26, 2016. (Compl. ¶23). In May 2017, the Johnsons were evicted from the subject property by the new owner. (Compl. ¶ 24).

## III. Legal standard

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. See *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

IV. **Argument**

A. **The statute of limitations began only after the Johnsons discovered their injury, which occurred when they were evicted in May 2017, or when Harbour lost ownership of the subject property in July 2016**

Section 10a of ICFA provides a three-year statute of limitations, which is tolled until the injury is discovered by the victim. *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994) ("We now reverse the district court and hold that a cause of action under the Consumer Fraud Act accrues when the plaintiff 'knows ore reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" (quoting *Knox Collect v. Celotex Corp.*, 88 Ill. 2d 407, 415 (Ill. Sup. Ct. 1981), and citing *Midland Mgmt. Corp. v. Comp. Consoles Inc.*, 837 F. Supp. 886 (N.D. Ill. 1993)). Under Illinois law, the same tolling applies to common-law fraud claims and breach-of-contract claims. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 413-16 (Ill. Sup. Ct. 1981) (applying the discovery rule to Illinois common-law fraud); *Diotallevi v. Diotallevi*, 2 N.E.3d 1232, 1241 (Ill. App. Ct. 2013) (applying discovery rule to breach of oral contract).

Here, the Johnsons did not discover their injury until they were evicted from the subject property in May 2017. (Compl. ¶ 24). And the Johnsons did not actually suffer an injury, known or unknown, until Harbour's interest in the subject property was conveyed to a third party in July 2016. (Compl. ¶ 23). Using either of these dates, the Johnsons' claims are timely.

B. **Any applicable statute of limitations was tolled because Defendants fraudulently concealed their non-payment by misrepresenting to the Johnsons that the taxes would be paid**

Defendants fraudulently concealed their breach of contract and fraudulent scheme. Defendants affirmatively stated to the Johnsons that Defendants would pay the property taxes, and thereby concealed their true intentions of not making any such payments while the Johnsons renovated the subject property. Under Illinois law, if a defendant "fraudulently conceals the

5

cause of such action" from the plaintiff, "the action may be commenced any time within 5 years

after" the plaintiff "discovers that he or she has such cause of action . . . ." 735 ILCS 5/13-215.

To avail itself of this tolling statute, "a plaintiff must plead and demonstrate that the defendant

made misrepresentations or performed acts which were known to be false, with the intent to

deceive the plaintiff, and upon which the plaintiff detrimentally relied." *Foster v. Plaut*, 625

N.E.2d 198, 203 (Ill. App. Ct. 1993) (citations omitted).

Here, the Johnsons have pled that Defendants knowingly misrepresented that Defendants

would pay the property taxes for the subject property. (Compl. ¶¶20, 35-37). The Johnsons have

also pled that they relied on Defendants' misrepresentations, believing that Defendants would

indeed pay the applicable property taxes. (Compl. ¶¶50-54). Defendants thus made affirmative

misrepresentations to the Johnsons that concealed the Johnsons' claims against Defendants.

Under these circumstances, any applicable statute of limitations was tolled under 735 ILCS 5/13-

215 until the Johnsons discovered Defendants' deceit when they were evicted in May 2017.

### C. The Johnsons' fraud and ICFA claims could only have accrued as of July 30, 2015—the expiration date for Harbour to redeem the unpaid taxes—because prior to that date the Johnsons' damages were contingent and purely speculative

Claims for common-law fraud and for violations of ICFA both require that the

complaining party suffered actual damages. Before the property tax redemption period expired

on July 30, 2015, Harbour still had the right to redeem and remain the owner of the subject

property in good standing by paying the delinquent taxes. *See* 35 ILCS 200/21-345 (providing

right of redemption). Prior to this date, the Johnsons could not have suffered any injury giving

rise to any claims because they had not yet suffered any actual damages. The damages were

wholly contingent on Harbour not redeeming the taxes by the expiration date. As such, any claim

for damages would have been speculative and uncertain prior to the redemption period expiration

date. *Moede v. Pochter*, 701 F. Supp. 2d 997 (N.D. Ill. 2009) ("Damages are speculative when

6

uncertainty exists as to the fact of damages, rather than to their amount." (citations omitted)).

Contingent or speculative damages are not enough to support a claim under ICFA. *Petrizzo v. Devry Educ. Grp. Inc.*, 16 CV 9754, 2018 U.S. Dist. LEXIS 22358, at \*18 (N.D. Ill. Feb. 12, 2018) ("A consumer-fraud complaint . . . . needs to allege facts sufficient to show that plaintiffs suffered actual, measurable, non-speculative damages."). Nor are contingent or speculative damages adequate for claims of fraud under Illinois law. *Kelly v. Sears Roebuck & Co.*, 308 Ill. App. 3d 633 (Ill. App. Ct. 1999) (allegations of an injury that "are speculative are insufficient to adequately state a compensable injury" required for a fraud claim); *see also Verb v. Motorola*, 284 Ill. App. 3d 460, 473 (Ill. App. Ct. 1996) (dismissing ICFA, breach of warranty, and negligence claims "because plaintiffs' claims are all based upon mere theoretical possibilities of injury and/or damages."). As such, the Johnsons' claims against Defendants did not accrue until after they had suffered actual, non-contingent, non-speculative damages.

The Johnsons' damages were contingent on Harbour failing to exercise its redemption right. Indeed, the stated purpose of the tax-sale process, and the reason for the redemption right, "is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." *Midwest Real Estate Inv. Co. v. Anderson (In re County Collector)*, 692 N.E.2d 1211, 1216 (1998). As such, the Johnsons' claims only accrued, at the earliest, on July 30, 2015. The Johnsons' complaint was filed May 14, 2018, making their claims timely under a three-year or five-year statute of limitations.

### D. The doctrine of laches is not available in cases of actual fraud, and is nevertheless inapplicable because the Johnsons exercised diligence and Defendants have suffered no prejudice

The Johnsons' claims are not barred by laches because Defendants have been accused of actual fraud. "Since the turn of the century, the United States Supreme Court has recognized that laches is not 'available in a case of actual fraud.'" *Hot Wax v. Turtle Wax*, 27 F. Supp. 2d 1043,

1051 (N.D. Ill. 1998) (quoting *La Republique Francaise v. Saratoga Vichy Spring Co.*, 191 U.S.

427, 439 (1903)). Here, the Johnsons have alleged that Defendants willfully and intentionally

defrauded them. As such, laches does not and cannot bar the Johnsons' claims.

Even if laches could theoretically bar the Johnsons' claims, it is still inapplicable here.

The doctrine of laches requires two fundamental elements: (1) lack of diligence by the party

asserting the claim and (2) prejudice to the opposing party. *Pielet v. Hifman*, 407 Ill. App. 3d

788, 798 (Ill. App. Ct. 2011). Defendants can demonstrate neither of these elements.

The Johnsons have exercised diligence regarding their claims. They did not suffer their

claimed injury until May 2017, when they were evicted from the subject property. They

commenced this action within one year of suffering the claimed injury, which demonstrates their

diligence in asserting their claims.

Defendants point to the initial contract breach—the failure to pay the taxes in 2011—and

suggest that the Johnsons should have immediately brought an action thereafter. But the

Johnsons could not have been aware of Defendants' failure to pay the taxes—they were not

themselves the property owners. And they had no reason to suspect that Defendants were

attempting to defraud them. The Johnsons are unsophisticated consumers who were taken in by a

fraudulent scheme perpetrated by Defendants. Their inability to uncover Defendants' fraud

sooner does not show a lack of diligence. It shows the success of Defendants' scheme in

preventing the Johnsons from even being aware that Defendants were running a scam.

Defendants were also not prejudiced by the claimed "delay." Defendants had ample time

and opportunity to make good on their promise to pay the taxes and prevent the Johnsons'

injuries. They chose not to do so. The fact that Defendants had several years to pay the taxes and

fix the problem does not mean they suffered prejudice as a result of their own bad acts.

### E. The Johnsons have pled facts supporting all elements of an ICFA claim, and Defendants misstate the scope and purpose of ICFA

Defendant argues that ICFA does not apply because the Johnsons have alleged only a "purely private dispute between parties to a contract." But the Johnsons have alleged far more than a simple breach of contract claim. The Johnsons have alleged that, in the context of a consumer home-buying transaction, Defendants made misrepresentations to the Johnsons about paying the property taxes and conveying the subject property to the Johnsons. *See* (Compl. ¶¶ 14, 20, 35-36, 38-39, 50-52). Defendants made these representations knowing they were false, with the intent to induce the Johnsons to act for Defendants' benefit—to pay Defendants thousands of dollars, and to remedy the various code violations present on the subject property that Defendants owned. (Compl. ¶¶ 14-15, 17-19, 36-37, 39-40). This case is not about the Johnsons quibbling with Defendants over the meaning of a contract provision. It is about Defendants' intentional fraud.

"[A]s long as the plaintiff . . . is a consumer, it need only show a personal injury caused by the fraudulent or deceptive acts" to state a claim under ICFA. *AGFA Corp. v. Wagner Printing Co.*, 02 C 2400, 2002 U.S. Dist. LEXIS 12911, at * 5 (N.D. Ill. Jul. 16, 2002) (quoting *Skyline International Development v. Citibank, F.S.B.*, 706 N.E.2d 942, 946 (Ill. App. Ct. 1998)). Where, however, an ICFA claim "involves two business that are not consumers of each other's products, there must be some showing that the alleged conduct 'involves trade practices address to the market generally or otherwise implicates consumer protection concerns.'" *AGFA*, 2002 U.S. Dist. LEXIS 12911 at *4 (quoting *Lefebvre Intergraphics, Inc. v. Sanden Machine Ltd.*, 946 F. Supp. 1358, 1368 (N.D. Ill. 1996)).

The Johnsons qualify as "consumers" under ICFA. The statute defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the

9

ordinary course of his trade or business but for his use or that of a member of his household."

815 ILCS 505/1(e). The term "merchandise" includes "services." *Id.* at 1(b). ICFA applies to

lending and financial services, like these engaged in by Defendants. *See Sharp v. Chartwell Fin.*

*Servs.*, 99 C 3828, 200 U.S. Dist. LEXIS 3143 (N.D. Ill. Feb. 28, 2000) (holding that plaintiff

stated ICFA claim against consumer loan company based on exorbitant interest rates, lack of

disclosures, and outrageous collection methods). Thus, The Johnsons are consumers, and their

allegations of a personal injury caused by Defendants' deceptive and unfair acts sufficiently state

a claim under ICFA. *See Vulcan Golf, L.L.C. v. Google Inc.*, 552 F. Supp. 2d 752, 777 (N.D. Ill.

2008) ("[T]o state a claim under the Consumer Fraud Act, the plaintiff must **either** allege that it

was a consumer of the defendant **or** allege a nexus with Illinois consumers." (emphasis added)

(citations and quotation marks omitted)).

The other cases cited by Defendants are inapplicable here. They involve ICFA claims

premised on contract *interpretation* disputes. *See, e.g., Randazzo v. Harris Bank Palatine, N.A.*,

104 F. Supp. 2d 949, 954 (N.D. Ill. 2000) (no ICFA claim based on defendant stating its opinion

as to the legal effect of a document); *Stern v. Great Western Bank*, 959 F. Supp. 478, 486 (N.D.

Ill. 1997) (same); *Curthis v. Firstar Bank, N.A.*, 822 N.E.2d 454, 466 (Ill. App. Ct. 2004) (same);

*Bankier v. First Federal Savings & Loan Assc'n of Champaign*, 588 N.E.2d 391, 398 (Ill. App.

Ct. 1992) (same); *Seaway Nat'l Bank v. Cain*, 629 N.E.2d 660, 665 (Ill. App. Ct. 1994) (same).

But, as the court noted in *Stern*, ICFA "has been property applied in cases where a defendant

made affirmative misrepresentations to the plaintiffs." *Stern*, 959 F. Supp. at 486. The Johnsons

are not alleging that Defendants' opinion regarding a contractual term was inaccurate. Nor have

they alleged that Defendants inserted an unfair term into their contract. Rather, they have alleged

that Defendants made affirmative misrepresentations of fact: that Defendants would pay the

property taxes for the subject property and transfer ownership of the subject property to the Johnsons after certain work was completed. (Compl. ¶¶ 14, 20, 35-36, 38-39, 50-52). As such, the cases cited by Defendants have no bearing on the Johnsons' claims.

Defendants' other cited cases involved purely business-to-business disputes that did not implicate consumer protection issues. *See AGFA*, 2002 U.S. Dist. LEXIS 12911 at *4-5 (ICFA does not generally protect a business that is not also a consumer); *Skyline*, 706 N.E.2d at 946 (bank's misstatement to business that a wire transfer could be cancelled did not implicate consumer protection concerns). As such, these cases are likewise inapplicable to the Johnsons' claims.

**V.      Request for leave to amend the complaint**

To the extent the Court believes that the complaint as drafted fails to plead facts supporting the timeliness of their claims and the propriety of the ICFA claim, the Johnsons respectfully request leave to amend the complaint to address any such pleading defects.

**VI.      Conclusion**

For the reasons stated above, the Johnsons respectfully request that the Court deny Defendants' motion to dismiss, and award such other and further relief as the Court may deem fair and equitable.

Respectfully Submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Daniel Brown, hereby certify that on September 13, 2018, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

By: s/ *Daniel Brown*
Daniel Brown