## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Annie Johnson and Mark Johnson, | : | |
| | : | Case No. 1:18-cv-03401 |
| Plaintiffs, | : | |
| | : | Judge Sara L. Ellis |
| | : | |
| National Asset Advisors, LLC and | : | |
| Harbour Portfolio VII, LP | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS HARBOUR PORTFOLIO VII, LP AND NATIONAL ASSET ADVISORS, INC.'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiffs allege that Defendants Harbour Portfolio VII, LP and National Asset Advisors, Inc., ("Defendants") breached an oral contract many years ago. While Plaintiffs append the term "fraud" to their allegations at every turn, the alleged facts all lead to the same place—Defendants' claimed nonperformance under an alleged contract. That is all this case is about.

As set forth in the Motion to Dismiss (ECF 20), and below, Plaintiffs have failed to plead a cognizable claim against Defendants.

### I.     All the Claims are Time-Barred

#### A.  The Statues of Limitation Began to Run in 2011 and, at the latest, in 2012

As Defendants set forth in the Motion to Dismiss, Plaintiffs have missed every relevant statute of limitations.

Plaintiffs futilely attempt to avoid the long-run statutes of limitations by arguing that their causes of action did not accrue until May 2017, when they "discovered they had been scammed" after being evicted from the property by the then-owners.  (Memo., ECF 25, PageID  74.) Alternatively, they argue that Defendants fraudulently "concealed their non-payments of the

13248103v1

property taxes," thus tolling the statutes until the eviction. (*Id.*) Plaintiffs argue that they "could not have been aware of Defendants' failure to pay taxes" until they were evicted more than six years later. (*Id.* at PageID 80.)

These arguments cannot stand. The statutes of limitations began to run when the alleged wrongdoing—the failure to pay both past and current property taxes—took place in 2011. Notably, the Complaint contains no allegations of fact that Defendants concealed this alleged breach. All Plaintiffs allege is that Defendants promised to pay the taxes and then did not.

In other words, Plaintiffs accuse Defendants of breaching their oral contract to pay property taxes. (*Id.* at ¶ 14.) And they allege that this breach took place in 2011. (*Id.*) That alleged failure is the triggering event for the statute of limitations. "An action for breach of contract accrues when the breach of the contractual duty or obligation occurs." *Newell v. Newell*, 406 Ill. App. 3d 1046, 1051, 347 Ill. Dec. 573, 577, 942 N.E.2d 776, 780 (2011).

The discovery rule does not change this. Plaintiffs are correct that Illinois recognizes the discovery rule, whereby a statute of limitations does not begin to run until the plaintiff knew, or in the exercise of reasonable diligence should have known, that he was injured, the cause of his injury, and that there was some indication of wrongdoing. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 770 N.E.2d 177, 264 Ill. Dec. 283 (2002). But, importantly, the plaintiff need only discover the injury itself, not the "consequences of the injury or the full extent of her injuries." *Lane v. Deutsche Bank*, 2015 IL App (1st) 142968, ¶ 24, 398 Ill. Dec. 519, 526, 44 N.E.3d 548, 555. In other words, a plaintiff cannot sit on an injury to see if it gets worse or manifests in new ways before filing suit.

Here, Defendants did not in any way conceal their alleged wrongdoing. Plaintiffs allege only that, in 2011, they entered into an oral contract requiring Defendants to pay property taxes,

and Defendants never did.    (Compl., ECF 1, ¶ 20.)   Accordingly, in their Memorandum in Opposition, the only "concealment" Plaintiffs can point to over the six-year time frame covered by their Complaint is the original alleged 2011 misrepresentation itself—essentially arguing that the predicate misrepresentation should be deemed to have somehow concealed itself.   This interpretation would turn the discovery rule into a perpetual stay in all cases of alleged misrepresentation. Further, it is contrary to Illinois law. *See Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 40, 399 Ill.Dec. 387, 46 N.E.3d 706, 718 ("The facts that indicate the fraud was kept concealed…must be specifically pled in order to bring the discovery rule into play and to toll the statute of limitations."); *Richardson v. City of Chicago*, 314 F. Supp.3d 999, 1012 ("The concealment contemplated by section 13-215 [735 ILCS 5/13-205] must consist of affirmative acts or representations calculated to lull or induce a claimant into delaying filing his or her claim, or to prevent a claimant from discovering a claim.")

Regardless, even accepting Plaintiffs' interpretation, the discovery rule cannot save their case. Plaintiffs were aware or should have been aware of the Defendants' alleged failure to pay the taxes when the delinquent taxes were publicly sold to a third party in August of 2012. (Compl., ECF 1, ¶ 20.)  This sale did not happen behind closed doors.  To the contrary, the public (including the Plaintiffs) was put on notice well in advance.  For example, the Cook County Treasurer publishes a list of delinquent property in local newspapers three months before the tax sale occurs.[1]  Thus, Plaintiffs either knew, or should have known through the exercise of ordinary diligence, that the taxes were not paid.

---

[1] See *Overview: Annual and Scavenger Property Tax Sale*, Office of Cook County Treasurer Maria Pappas, October 3, 2012, available at
http://blog.cookcountyil.gov/economicdevelopment/wp-content/uploads/2012/11/Pat-Nester-

### B.  Plaintiffs' Injuries Were Not Speculative or Contingent

Plaintiffs argue that their fraud-based claims are not time-barred because their injuries were only "speculative and contingent" until 2015, when the redemption period for the tax sale expired.  (Memo., ECF 25, PageID 79.)  This is because, they argue, their "damages were contingent on Harbour failing to exercise its redemption rights."  (*Id.*)

Under this reasoning, a plaintiff's injuries would always be "speculative and contingent" as long as a putative defendant *could* decide to affirmatively change course and voluntarily meet all of a plaintiff's demands.  If this were the rule, most causes of action would never accrue because it would always be theoretically possible that the defendant could concede.

Defendants' refusal to pay the subject taxes, and the subsequent tax sale of the property, was more than enough to trigger the alleged "injuries."  Plaintiffs do not allege otherwise in their Complaint; Plaintiffs cannot and do not allege that Harbour even represented that it might exercise redemption rights and suddenly pay the very taxes that, over the prior four years, it had refused to pay.

### II.    The Doctrine of Laches Applies

Plaintiffs' Memorandum argues that the doctrine of laches categorically does not apply due to Defendants' alleged fraud.  (Memo., ECF 25, at PageID 79-80.)  This argument is misplaced because Plaintiffs have not alleged facts showing "actual fraud," as they now argue. Instead, they have alleged that Defendants breached forward-looking obligations under an oral contract.  Plaintiffs admit as much in their Memorandum.  They explain that "[t]he Johnsons contracted with Defendants to purchase a home."  (*Id.* at PageID 75.)  And they allege that the

---

Bill-Kouruklis-Tax-Sale-Presentation-LBAC-Oct-3.pdf.  This Court may take judicial notice of a public record without converting this motion to a motion for summary judgment. *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, No. 12-cv-01851, 2013 U.S. Dist. LEXIS 1929, at *9 (N.D. Ill. Jan. 7, 2013).

"transaction was structured" to deal specifically with the future tax obligations of the parties—
that "Defendants would pay the property taxes on the subject property until the code violations
were remedied." (*Id.*)

That claimed representation cannot be fraud. As a matter of law, a representation of
future intention cannot support a fraud claim. It is "well established in Illinois that a promise to
perform an act even though the party intends at the time he makes the promise not to perform is
an insufficient false representation to constitute fraud." *Zaborowski v. Hoffman Rosner Corp*., 43
Ill. App. 3d 21, 23, 356 N.E.2d 653, 654-55 (1976). "The misrepresentation must be an
affirmance of fact and not a mere promise or expression of opinion or intention; or in other
words the fraud must be in the original contract or transaction, and not in its fulfillment." *Unique
Envelope Corp. v. GSAmerica, Inc*., Case No. 00 C 7811, 2002 U.S. Dist. LEXIS 6871, at *7-8
(N.D. Ill. Apr. 16, 2002) (quotations omitted).

Defendants' alleged failure to perform under the oral contract is not a fraud —it is at
most a breach of contract. Accordingly, the doctrine of laches applies.

### III.     The ICFA Does Not Apply to a Private Contract Dispute

Finally, Plaintiffs argue that the ICFA applies because their case "is not about the
Johnsons quibbling with Defendants over the meaning of a contract provision." (Memo., ECF
25, at PageID 81.)

But, as set forth above, that is precisely what they allege. They allege that they
"contracted with Defendants to purchase a home" and, pursuant to that contract, the "Defendants
would pay the property taxes on the subject property until the code violations were remedied."
(*Id.* at PageID 75.) And, at the crux of their case, they allege that Defendants breached those
obligations: "Defendants made misrepresentations to the Johnsons about paying the property

taxes and conveying the subject property to the Johnsons." (*Id.* at PageID 81.)    Their entire

case is about whether or not Defendants breached this alleged private contract.

Accordingly, for all the reasons set forth in the Motion to Dismiss, the Plaintiffs have not

pleaded an ICFA claim.

**IV.**   **CONCLUSION**

Defendants respectfully requests that the Complaint be dismissed with prejudice.


*/s/ Ryan A. Sawyer*
Douglas R. Sargent (6290671)
Ryan A. Sawyer (6293696)
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois  60606
312-443-0384 Direct
312-896-6384 Fax
*dsargent@lockelord.com*
*ryan.sawyer@lockelord.com*

David K. Stein (Ohio 0042290)
*Admitted Pro Hac Vice*
Kara Herrnstein (Ohio 0088529)
*Pro Hac Vice Forthcoming*
Bricker & Eckler LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone:  614-227-2300
Fax:  614-227-2390
*dstein@bricker.com*
*kherrnstein@bricker.com*

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of October 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system. Parties were served electronically by the Court's CM/ECF electronic system.

*/s/ Ryan A. Sawyer*
Ryan A. Sawyer
