# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNIE JOHNSON and MARK JOHNSON, | )<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 18 C 3401 |
| v. | )<br>) Judge Sara L. Ellis |
| NATIONAL ASSET ADVISORS, LLC, and<br>HARBOUR PORTFOLIO VII, LP, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs Annie and Mark Johnson agreed to make repairs to a property in exchange for Defendants National Asset Advisors, LLC ("NAA") and Harbour Portfolio VII, LP's ("Harbour") promise to pay the property taxes until the Johnsons brought the property to code and purchased it from Defendants. Defendants did not pay the property taxes, which eventually resulted in the Johnsons' eviction from the property. The Johnsons bring this suit against Defendants, claiming breach of contract, fraudulent misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* Defendants move to dismiss the Johnsons' complaint. Because the complaint reveals that the Johnsons' claims accrued at the latest in August 2012, the five-year statute of limitations applicable to breach of oral contract and fraud claims and the three-year statute of limitations applicable to ICFA claims bar the Johnsons' claims, which they filed in May 2018.

# BACKGROUND[1]

Defendants purchase delinquent real estate taxes in Illinois to acquire residential real estate. They then contract with individuals who agree to make improvements and repairs to the real estate, ultimately selling the real estate to those individuals once they have completed the repairs. In this case, Harbour owned property at 457 163rd Street, Calumet City, Illinois. NAA acted as Harbour's agent, contracting on its behalf with the Johnsons to purchase the property. Specifically, the Johnsons agreed orally with Defendants that the Johnsons would move into the property and make all required repairs to bring the property up to code in exchange for Defendants paying the taxes on the property until the Johnsons remedied all the code violations. The Johnsons also agreed to make a down payment of approximately $2,000 and, once they remedied the code violations, to purchase the property from Defendants for approximately $28,000. The Johnsons made the down payment in November 2011 and moved in the same month. They then undertook substantial renovations to the property.

While the Johnsons undertook these renovations, Defendants failed to pay the outstanding property taxes. A third party purchased the delinquent taxes around August 6, 2012. A notice of the sale issued November 12, 2014. The redemption period expired on July 30, 2015, and, on July 26, 2016, Harbour conveyed the deed to the property to ATCF REO Holdings, LLC. In May 2017, the Johnsons and their son were evicted from the property. The Johnsons filed this case on May 14, 2018.

---

[1] The facts in the background section are taken from the Johnsons' complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Defendants argue that the statute of limitations bars all of the Johnsons' claims, contending the claims accrued in late 2011 immediately upon the alleged breach of Defendants' promise to pay property taxes. The statute of limitations is an affirmative defense that the Johnsons need not anticipate in their complaint to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). If there is "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). The Court may resolve the issue on a motion to dismiss, however, where "the allegations of the

complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where the complaint set forth the relevant dates).

The Johnsons plead that they entered into an oral contract with Defendants, making their breach of contract claim subject to a five-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-205 (five-year statute of limitations applies to "actions on unwritten contracts, expressed or implied"). The Johnsons' fraudulent misrepresentation claim also has a five-year statute of limitations, *id.*, while their ICFA claim must have been filed within three years of the claim's accrual, 815 Ill. Comp. Stat. 505/10a(e). The discovery rule applies to all three claims, with the limitations period beginning to run when the Johnsons knew or reasonably should have known of their injury and that there was a wrongful cause for it. *See Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 980, 88 Ill. 2d 407, 58 Ill. Dec. 725 (1981); *Diotallevi v. Diotallevi*, 2 N.E.3d 1232, 1240, 2013 IL App (2d) 111297, 377 Ill. Dec. 951 (2013). With respect to the breach of contract claim, accrual occurs "at the time of the breach of contract, not when a party sustains damages," meaning that even under the discovery rule, the issue is when the Johnsons knew of or should have reasonably known of the breach. *See Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1135, 166 Ill. 2d 72, 209 Ill. Dec. 684 (1995); *Diotallevi*, 2 N.E.3d at 1240.

Here, Defendants argue that the Johnsons' claims accrued in 2011, when Defendants allegedly breached their obligation to pay property taxes. The Johnsons, on the other hand, contend they did not discover their injury until their 2017 eviction from the property. The Court cannot agree with the Johnsons that their claims only accrued in 2017 upon their eviction from the property. Although they may have not known of Defendants' failure to pay taxes, they

4

reasonably should have discovered that failure at least by August 2012, at the time of the tax sale, a matter of public record.  *See Diotallevi*, 2 N.E.3d at 1241 (finding that where the facts giving rise to the claim are matters of public record, the plaintiff knew or should have known of injury and that it was wrongfully caused).  Using August 2012 as the accrual date, their filing of the complaint in May 2018 came too late under the applicable three- and five-year statutes of limitations.

Alternatively, the Johnsons argue that the fraud and ICFA claims could not have accrued until the property tax redemption period expired on July 30, 2015.  They maintain that until Defendants no longer had an opportunity to redeem the delinquent taxes, their damages remained speculative and contingent and so could not support their fraud and ICFA claims.  These tort claims, however, arise from the parties' contractual relationship—with the Johnsons relying only on Defendants' representation in the context of their oral contract to pay the property taxes to support these claims.  This means that the claims accrued when the Johnsons should have known of Defendants' failure to pay taxes, not when their damages allegedly became non-speculative.  *See Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 899–900, 167 Ill. 2d 353, 212 Ill. Dec. 549 (1995) ("This court has never suggested that plaintiffs must know the full extent of their injuries before the statute of limitations is triggered.  Rather, our cases adhere to the general rule that the limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of the injury or the full extent of her injuries."); *Ind. Ins. Co. v. Machon & Machon, Inc.*, 753 N.E.2d 442, 445–46, 324 Ill. App. 3d 300, 257 Ill. Dec. 247 (2001) ("For contract actions and torts arising out of contractual relationships, the cause of action ordinarily accrues at the time of the breach of contract, not when a party sustains damages.").  As discussed above, that occurred at least by August 2012, when a third party bought the delinquent taxes on

the property at a tax sale, not upon the expiration of the redemption period. *See Morrison v. Protective Life Ins. Co.*, No. 1:10-cv-7894, 2012 WL 4361295, at *4 (N.D. Ill. Sept. 21, 2012) (dismissing plaintiffs' argument that ICFA claim did not accrue until defendant terminated their insurance policy); *Asad v. Hartford Life Ins. Co.*, 116 F. Supp. 2d 960, 963 (N.D. Ill. 2000) (finding that fraud claims were ripe for decision despite potential contingent events where the statute of limitations for fraud "begins to run at the time the wrong was committed or the time when the fraud was discovered or could have been discovered through due diligence"). The Court therefore cannot find the fraud and ICFA claims timely based on the Johnsons' alternative accrual date.

Finally, the Johnsons argue that Defendants fraudulently concealed their scheme so as to warrant tolling the statute of limitations. Fraudulent concealment, also known as equitable estoppel, applies where the "defendant takes active steps to prevent the plaintiff from suing in time," such as "promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990). Where the concealment is part of the alleged underlying fraud, the concealment postpones the date of accrual but does not justify equitable estoppel. *Id.* at 451 ("Fraudulent concealment in the law of limitations presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant–above and beyond the wrongdoing upon which the plaintiff's claim is founded–to prevent the plaintiff from suing in time."). Here, the Johnsons rely on the same allegedly fraudulent representation underlying their claims: that Defendants represented that they would pay the property taxes. This alleged fraudulent conduct cannot serve as a basis for tolling. *See Fleischer v. Accesslex Inst.*, No. 17 CV 8295, 2018 WL 4489583, at *5 (N.D. Ill. Sept. 19, 2018) (refusing to apply equitable estoppel where plaintiff did

6

not rely on "conduct apart from the violation alleged"). The Court therefore finds that the allegations of the complaint demonstrate that the statute of limitations bars the Johnsons from pursuing their claims.[2]

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [20]. The Court dismisses the complaint with prejudice and terminates this case.

Dated: January 14, 2019

SARA L. ELLIS
United States District Judge

---

[2] Because the Court finds that the statute of limitations bars the Johnsons' claims, it need not address Defendants' other arguments concerning laches or the viability of the ICFA claim.